UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTOL STRUCKMAN,<br>    Plaintiff, | Case No. 1:12-cv-184 |
| vs | Spiegel, J.<br>Wehrman, M.J. |
| ADDYSTON POLICE DEPARTMENT,<br>ET AL.,<br>    Defendants | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, who resides in Addyston, Ohio, has filed a *pro se* complaint. (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at

1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at

2

1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against the Addyston Police Department, the Cleves Police Department, and the Hamilton County Sheriff. The incident giving rise to the complaint occurred on March 3, 2010. Plaintiff alleges that he was a passenger in a car that was stopped by an Addyston police officer for a broken headlight. (Doc. 1, Complaint, p. 4). When the officer asked everyone in the vehicle to produce identification, plaintiff gave his name but said he had no identification papers on his person. Plaintiff avers that at that point, the police officer "[o]pened the car door and began to punch the plaintiff in the chest 6-10 times, then tried to pull him out with his seat belt on." (*Id.*). Plaintiff further states that after his girlfriend released him from the seat belt, officers from the Addyston and Cleves police departments "slammed" him to the ground and proceeded to "kick and stomp" on him. (*Id.*, p. 5). They would not stop their assault until plaintiff's girlfriend said her cousin was a judge on a Hamilton County court, and an officer from the Hamilton County Sheriff's Department said "that['s] enough boys." (*Id.*, p. 5). It appears from the face of the complaint that plaintiff was arrested and held in custody for seven days until he was able to post bond. Plaintiff alleges that he was not informed of his "right to remain silent" and was not given "medical care." (*Id.*). As relief, plaintiff seeks fifty million dollars in damages. (*Id.*, p. 6).

Although plaintiff may have a cause of action against the individual police officers for use of excessive force, he has not stated a claim for relief against the named defendants. First,

the Addyston and Cleves police departments, as well as the Hamilton County Sheriff's Department, are not entities that are capable of being sued. *See Davis v. Bexley Police Dep't,* No. 2:08cv750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) (citing *Jones v. Marcum*, 197 F. Supp.2d 991, 997 (S.D. Ohio 2002)); *see also Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (affirming the dismissal of the sheriff's office as a party because "under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983"); *Schaffner v. Pell*, No. 2:10cv374, 2010 WL 2572777, at *2 (S.D. Ohio June 21, 2010) (citing *Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006)) ("A police department is not a juridicial entity subject to suit under Ohio law."). As the district court explained in *Davis, supra,* 2009 WL 414269, at *2:

> Police departments are not independent government entities. They are only the vehicles through which municipalities fulfill their policing functions. *Williams v. Dayton Police Dep't,* 680 F.Supp. 1075, 1080 (S.D.Ohio 1987). Thus, police departments are not proper § 1983 defendants as they are "merely sub-units of the municipalities they serve." *Jones,* 197 F.Supp. at 1080.

Even if the Court were to liberally construe plaintiff's *pro se* complaint as alleging claims against the municipalities of Addyston, Cleves, Hamilton County and the Hamilton County Sheriff in his individual official capacity, plaintiff's complaint would nevertheless fail to state a claim for relief against the named defendants. Neither municipalities nor individuals in supervisory positions can be held vicariously liable under § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents. *See Iqbal,* 129 S.Ct. At 1948; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Gregory v. Shelby Cnty., Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis, supra*, 2009 WL 414269, at *2 ("A plaintiff may not rely on the doctrine of *respondeat superior* to find

4

a government entity liable under § 1983 when the claim is founded solely on an allegation that its agent caused the injury."). A supervisory officer may not be held liable under § 1983 for the misconduct of his employees unless the plaintiff shows that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984); *see also Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). Similarly, to state a claim for relief under § 1983 against a municipality, the plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In this case, plaintiff has alleged no facts indicating that the police officers were acting pursuant to a policy or custom of the City of Addyston, the City of Cleves or Hamilton County in allegedly violating plaintiff's rights, or that the Hamilton County Sheriff himself encouraged or participated in the alleged misconduct of the police officers. Plaintiff's § 1983 claims against the municipalities and the Hamilton County Sheriff are based solely on a theory of *respondeat superior,* which does not apply to § 1983 claims and may not serve as a basis for liability against them. *See Monell,* 436 U.S. at 693-94. Furthermore, to the extent that plaintiff has conclusorily claimed that he was denied medical care, he has not stated an actionable claim of constitutional

dimension under § 1983, because he has not alleged any facts showing that the defendants committed acts or omissions that were "sufficiently harmful to evidence deliberate indifference to [plaintiff's] serious medical needs." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Accordingly, in sum, the Court concludes that the plaintiff's complaint is subject to dismissal on the ground that plaintiff has not stated an actionable claim for relief under § 1983 against the named defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date:  March 12, 2012             s/ J. Gregory Wehrman
    cbc                                          J. Gregory Wehrman
                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ESTOL STRUCKMAN,  
    Plaintiff,

vs

ADDYSTON POLICE DEPARTMENT, et al.,  
    Defendants.

Case No. 1:12-cv-184

Spiegel, J.  
Wehrman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).