UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTOL STRUCKMAN,<br>    Plaintiff, | Case No. 1:12-cv-184 |
| vs | Spiegel, J.<br>Wehrman, M.J. |
| ADDYSTON POLICE DEPARTMENT,<br>et al.,<br>    Defendants. | **ORDER AND REPORT AND<br>RECOMMENDATION** |

On March 2, 2012, plaintiff initiated the instant action by filing an *in forma pauperis* application and complaint for damages under 42 U.S.C. § 1983 against the Addyston Police Department, the Cleves Police Department and the Hamilton County Sheriff.  (Docs. 1, 3).  The complaint stemmed from an incident that occurred nearly two years earlier, on March 3, 2010, when plaintiff was allegedly assaulted by Addyston and Cleves police officers and then arrested and held in custody for a week after a vehicle in which he was a passenger was stopped for a broken headlight.  (*See* Doc. 3, pp. 4-5).

On March 12, 2012, the undersigned granted plaintiff leave to proceed *in forma pauperis* and issued a Report and Recommendation to dismiss the complaint on the ground that plaintiff's allegations were insufficient to state an actionable claim against the named defendants.  (Docs. 2, 4).  Specifically, it was recommended that the complaint be dismissed because (1) the defendant police and sheriff departments "are not entities that are capable of being sued;" and (2) any claims against the Hamilton County Sheriff in his individual official capacity and the municipalities of Addyston, Cleves, and Hamilton County were based solely on the theory of *respondeat superior*, "which does not apply to § 1983 claims and may not serve as a basis for

liability." (Doc. 4, pp. 4-5). In so concluding, the undersigned pointed out, however, that plaintiff "may have a cause of action against the individual police officers for use of excessive force" in the March 3, 2010 incident. (*Id.*, p. 3).

Thereafter, plaintiff filed a document, which the District Court construed as a motion for leave to amend the complaint. (*See* Docs. 9-10). On June 6, 2012, the Court issued an Order granting plaintiff's request to file an amended complaint, but also partially adopting and affirming the Report and Recommendation issued on March 12, 2012. (Doc. 10). Specifically, the complaint was dismissed without prejudice to plaintiff's filing an amended complaint "in which Plaintiff may allege actionable facts as pointed out by the Magistrate Judge in his Report." (*Id.*, p. 2).

Plaintiff subsequently filed an amended complaint, which is now before the Court for *sua sponte* review. Because plaintiff has been granted pauper status, the Court must first determine at this screening stage whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).[1]

In the amended complaint, plaintiff again names as defendants the Addyston Police Department, the Cleves Police Department and the Hamilton County Sheriff. He also adds the

---

[1] It is noted that although, to date, service of process has not been ordered, an attorney has entered a notice of appearance for defendant Addyston Police Department and has filed a motion to dismiss for failure to state a claim on behalf of the Addyston Police Department. (*See* Docs. 13, 14).

following individuals to the list of defendants: Addyston police officers Brandon Goff and Jeremy Keene; Cleves police officer Michael Walker; and "John Doe" of the Hamilton County Sheriff's Department. (Doc. 12, p. 1).

The amended complaint's allegations are not confined to the March 3, 2010 incident that gave rise to the original complaint. Plaintiff now complains that he has been the victim of harassment by the Addyston Police Department since 1995. In addition to the March 3, 2010 incident, he cites other altercations with Addyston police officers that allegedly occurred in 1995, 1996, 1998, 2006 and February 22, 2010. (*Id.*, p. 2). Plaintiff alleges that Brandon Goff was the Addyston police officer who initiated the traffic stop and physically assaulted plaintiff on March 3, 2010. (*Id.*, pp. 2-3). He also alleges that "Cleves Officer Joe Doe joined Officer Goff," who had "slammed the plaintiff on the ground," in "kicking the plaintiff in his chest, back, neck and arms." (*Id.*, p. 3). "Hamilton County Officer John Doe" was the police officer who put an end to the assault, by telling Goff and the other officer, "that is enough boys." (*Id.*). Plaintiff further claims that during the five-day period he was held at the Hamilton County Justice Center before bond was posted by his girlfriend, "he asked to see the doctor and never got to go." (*Id.*). He claims that when he was released from the jail, he visited an urgent care facility, where he was told that "he had a fracture[d] 3rd rib by his heart and that it would take 6 months to a year to heal." (*Id.*).

It appears at this juncture that the instant matter is worthy of development and may proceed to the extent that plaintiff alleges a claim in the amended complaint against defendant Goff based on the use of excessive force during the incident that occurred on March 3, 2010. However, all other claims and the remaining named defendants should be dismissed with

3

prejudice on the ground that plaintiff has failed to state an actionable claim for relief.

First, to the extent plaintiff has added claims in the amended complaint based on incidents that allegedly occurred prior to March 2, 2010, his cause of action is time-barred. Plaintiff's complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) (stating that the "settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages"). Although the statute-of-limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the

4

court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace,* 547 U.S. at 388 (emphasis in original). Under federal law, a cause of action accrues for statute of limitations purposes "when plaintiff[] knew or should have known of the injury which forms the basis of [his] claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The "inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* at 501 (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). The statute of limitations commences to run when the plaintiff knows or, in the exercise of due diligence, has reason to know of the injury which is the basis for his cause of action. *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984); *see also Ruff*, 258 F.3d at 501.

Here, it is clear from the face of the complaint that plaintiff, who was involved as a participant in each of the prior incidents, knew or, in the exercise of due diligence, had reason to know of the injury he incurred during each such incident. The instant action was initiated on March 2, 2012, over two years later. Plaintiff delayed in filing his original complaint until the day before the statute of limitations was due to expire with respect to the incident that occurred on March 3, 2010. Therefore, at least at this juncture, only plaintiff's allegations stemming from the March 3, 2010 incident survives the statute-of-limitations bar to review. To the extent that plaintiff now alleges claims based on incidents that occurred prior to March 2, 2010, the instant complaint, filed over two years later, is clearly time-barred.

Second, plaintiff has alleged no facts in the amended complaint to support any claim against the following individuals he has added to the list of named defendants: Jeremy Keene, Michael Walker, and "John Doe" of the Hamilton County Sheriff's Department. The only factual allegation contained in the amended complaint against any of those individuals was that "John Doe" told defendant Goff and another "Joe Doe" police officer from Cleves to stop assaulting plaintiff. That single allegation is insufficient to suggest any cause of action against the Hamilton County police officer.

Finally, for the reasons stated in the Report and Recommendation that was previously issued and adopted by the District Court, plaintiff has failed to state a viable claim against the defendants Addyston Police Department, Cleves Police Department and Hamilton County Sheriff. (*See* Docs. 4, 10). Plaintiff generally alleges in the amended complaint that those entities are "directly liable and responsible for the acts of the [individual] defendants . . . because they knowingly failed to enforce laws of the State of Ohio and regulations pertaining to arrests and use of force by police officers employed by [them]." However, as discussed in the March 12, 2012 Report and Recommendation, the defendant police and sheriff departments are not legal entities capable of being sued in a § 1983 action. (*See* Doc. 4, p. 4) (and cases cited therein). Moreover, to the extent plaintiff is alleging claims against the Hamilton County Sheriff in his individual capacity and the municipalities of Addyston, Cleves and Hamilton County, he has failed to plead any "factual content that allows the court to draw the reasonable inference" that the Hamilton County Sheriff actually encouraged or directly participated in the specific incident of misconduct that occurred on March 3, 2010, or that plaintiff's alleged injury in that incident was "the result of an unconstitutional [municipal] policy or custom." *Matthews v. Jones*, 35

F.3d 1046, 1049 (6th Cir. 1994); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).  *See also Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).  In the absence of any supporting factual allegations, plaintiff's claim is merely an "unadorned, the-defendant-unlawfully-harmed-me-accusation," which fails to provide the defendants "fair notice of what the claim is and the grounds upon which it rests."  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  Therefore, plaintiff's conclusory allegations are insufficient to state an actionable claim against the defendant police and sheriff departments.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's amended complaint based on incidents that occurred prior to March 2, 2010 should be **DISMISSED** because claims stemming from those incidents are time-barred.  In addition, plaintiff's claims against defendants Addyston Police Department, Cleves Police Department, Hamilton County Sheriff, Jeremy Keene, Michael Walker and "John Doe" of the Hamilton County Sheriff's Department should be **DISMISSED** because plaintiff has failed to state a claim upon which relief may be granted against those defendants.  *See* 28 U.S.C. § 1915(e)(2)(B).

### IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, and copies of all pleadings and Court orders filed in this action to date, including this Order and Report and Recommendation, upon the only remaining defendant, Brandon Goff, as directed by plaintiff.  All costs of service shall be advanced by the United States.

2.  Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for

consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

      3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date:  9/20/2011            s/ J. Gregory Wehrman
    cbc                        J. Gregory Wehrman
                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTOL STRUCKMAN,<br>    Plaintiff<br><br>vs<br><br>ADDYSTON POLICE DEPARTMENT,<br>et al.,<br>    Defendants | Case No. 1:12-cv-184<br><br>Spiegel, J.<br>Wehrman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).